UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-286-FDW

| | |
|---|---|
| CHARLES K. MORGAN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| BUNCOMBE COUNTY, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. On August 31, 2016, in response to a deficiency notice by the Court, Plaintiff filed an application seeking to proceed in forma pauperis. (Doc. No. 3).

**I.     BACKGROUND**

Pro se Plaintiff Charles K. Morgan, Sr., is a pre-trial detainee currently incarcerated at the Buncombe County Detention Facility in Asheville, North Carolina. Plaintiff filed this action on August 25, 2016, pursuant to 42 U.S.C. § 1983, naming as Defendants: (1) "Buncombe County, Housing Unit; (2) FNU Bishop, identified as a Lieutenant at the Buncombe County Detention Facility; (3) FNU Zabloudil, identified as a Sergeant at the Buncombe County Detention Facility; and (4) Tracey LNU, identified as part of the nursing staff at the Buncombe County Detention Facility.

Plaintiff alleges the following:

1

> 2 am Monday morning. 8-15-16. I woke up to use the restroom at which time I knocked my pen on the floor. When I went to get it, I put my hand on the desk to help me in my bend to get the pen. My hand slipped off the desk due to wetness from a leak in the roof. The night light was burnt out to [sic]. The slip caused me to hit my head on the light switch the knocked me out [sic] and wake in a puddle of my blood.
>
> Sgt. Zabloudil was one of the officers to response. He gave me a tissue to wipe my head. But I was still not focus and he told me to wipe the blood before it hits the floor. He was obnoxiously rude and unprofessional.
>
> Lt. Bishop was unprofessional in the grievance process. The housing unit officer gave me the Lt. Name when I asked who gave me the tissue. So I wrote the complaint on the Lt. and the Lt. responded to his on complaint. Unprofessional. But the complaint was that of Sgt. Zabloudil.
>
> Nurse Tracey assisted another nurse and while the other nurse was working on me Nurse Tracey was laughing loudly in my ear with the officers not professionally concern of [sic] my condition. I ask[ed] for x-rays and denied. Til this date I'm sore and stiff. I was given my blood pressure med—well some blood pressure meds due to a 198-129 blood pressure at the time. Four IBP and a ice pack and was told to lay down and go to sleep. I know that that shouldn't be done with a head injury. Fill out sick call 8-20-216 and has yet to be seen.

(Doc. No. 1 at 3-4). Plaintiff seeks compensatory damages for "unsafe living conditions that cause a loss of my blood. Mental anguish, humiliation, wreckless [sic] endangerment and neglect." (Id. at 4).

## II. STANDARD OF REVIEW

When a plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Plaintiff's Complaint will be dismissed, as he has not alleged sufficient factual allegations to give rise to a claim for a violation of Plaintiff's federal or constitutional rights. First, to the extent that Plaintiff has named as a Defendant "Buncombe County Housing Unit," the Buncombe County Housing Unit is not a legal entity capable of being sued. Next, as to Defendant FNU Bishop, Plaintiff alleges, at most, that Bishop "was unprofessional in the grievance process." (Doc. No. 1 at 4). Similarly, as to Defendant FNU Zabdoudil, one of the

3

officers who responded after Plaintiff slipped and fell, Plaintiff alleges that Zabdoudil gave Plaintiff a tissue to wipe his head and told Plaintiff to wipe the blood before it hit the floor. Plaintiff also alleges that Zabdoudil was "obnoxiously rude and unprofessional." (Id. at 3-4). Finally, as to a nurse named Tracey (last name unknown), Plaintiff alleges that Defendant Tracey "assisted another nurse and while the other nurse was working on me Nurse Tracey was laughing loudly in my ear with the officers not professionally concern of [sic] my condition." (Id. at 4). At most, Plaintiff alleges that these Defendants have been "rude" and "unprofessional" towards him. It is well settled that rudeness and unprofessionalism by prison staff do not constitute a federal or constitutional violation under Section 1983. See Wingo v. Tenn. Dep't of Corr., 499 Fed. App'x 453, 455 (6th Cir. 2012) (stating that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief"); Cuoco v. Moritsugu, 222 F.3d 99, 109 (2d Cir. 2000) ("[R]udeness and name-calling does not rise to the level of a constitutional violation."); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse by a prison guard does not give rise to a cause of action under § 1983); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir. 1990) (subjection of a prisoner to verbal abuse or profanity does not rise to the level of a constitutional violation).

Furthermore, to the extent that Plaintiff also purports to bring a claim for deliberate indifference to serious medical needs against Defendants Bishop, Zabloudil, or Tracey LNU, this claim also fails. First, Plaintiff does not allege any specific allegations as to how the named Defendants were deliberately indifferent to his serious medical needs. Plaintiff alleges that medical staff in general denied Plaintiff's request for x-rays, and that they treated him with blood pressure medicine, ibuprofen, and an ice pack for his head injury. Plaintiff speculates that this

4

treatment "shouldn't be done with a head injury." (Doc. No. 1 at 4). However, Plaintiff does not allege that any of the named Defendants, particularly Defendant Tracey LNU, personally participated in the refusal of Plaintiff's request for x-rays, nor does he allege that his injury warranted x-rays.[1] Plaintiff alleges that he is "sore and stiff," but he does not allege any serious medical need resulting from his fall. Thus, Plaintiff's allegations in their current form are not sufficient to state a claim for deliberate indifference to serious medical needs against any of the named Defendants.

## IV. CONCLUSION

For the reasons stated herein, this action is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff is granted in forma pauperis status for the limited purpose of this initial review.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** on initial review for failure to state a claim. The dismissal will, however, be without prejudice as to the deliberate indifference claim, in the event that Plaintiff subsequently develops a claim for deliberate indifference to serious medical needs that is related to his alleged head injury that occurred on August 15, 2016.

3. The Clerk is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge

---

[1] Plaintiff also alleges that he submitted a sick call on August 20, 2016, and that as of the filing of this action five days later on August 25, 2016, he had still not been seen. Plaintiff does not identify what the sick call was for, and he also did not allege that he had submitted a grievance as to the lack of response to his sick call.